UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel A. Wilder, #258295, | ) C/A No. 3:12-1743-CMC-JRM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) **Partial Summary Dismissal** |
| Nikki Haley, in her official capacity as Governor of the State of South Carolina; William Byars, in his official capacity as Commissioner of South Carolina Department of Corrections, SCDC; Wayne McCabe, in his official capacity as Warden at Lieber Correctional Institution; Linda Jones, in her official capacity as Nurse at Lieber Correctional Institution Health Service, | ) |
| Defendants. | ) |

Plaintiff, Samuel A. Wilder, ("Plaintiff"), a state prisoner in the Lieber Correctional Institution ("LCI") of the South Carolina Department of Corrections ("SCDC") in Ridgeville, South Carolina, is proceeding *pro se* and *in forma pauperis*. Plaintiff has filed a "Notice and Motion for Preliminary Injunction and/or Restraining Order," which has been docketed as a Complaint and Motion for Preliminary Injunction and/or Motion for Temporary Restraining Order, filed pursuant to 42 U.S.C. § 1983. ECF No. 1.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which

relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

Plaintiff alleges that, in 2005, he was diagnosed by LCI's Health Service with Hepatitis C, however, "LCI Health Service did no follow-up for that disease until 06/02/08, past the time for treatment. No treatment offered by (LCI) Health Service for that disease until 07/02/08. Then treatment was denied by (LCI) Health Service." Notice and Motion, ¶ 2; ECF No. 1, p. 2. Plaintiff alleges that "Health Service employee Linda Jones, RN promised to treat Plaintiff's disease, because the diagnos[is] with the hepatitis C came before the current treatment plan and Plaintiff got no treatment and now Plaintiff can not see an infectious disease expert to discuss this non-treatment of hepatitis C." *Id.*, ¶ 3; *Id.* Plaintiff asserts that this conduct constitutes cruel and unusual punishment in violation of the Eighth Amendment, based on the failure to treat his serious medical need, and that he "will suffer irreparable harm if the injunction is not granted allowing the Plaintiff's serious medical need to continue untreated." *Id.*, ¶ 9; *Id.*, p. 4.

Plaintiff claims that he "was asymptomatic of his disease, but it remains a disease that needs medical treatment because it causes death or liver cancer." *Id.*, ¶ 10; *Id.* Plaintiff also alleges that he "has los[t] thirty pounds since 8/25/05, a sign of degeneration cause[d] by the hepatitis C virus."

*Id.*, ¶ 11; *Id.* Plaintiff alleges that the liver damage caused by the disease is irreparable and that LCI doctors and nurses made no medical efforts in treating his disease from 2005 to 2007, which constitutes continued deliberate indifference. *Id.*, ¶ 13; *Id.*, p. 5. Plaintiff asserts that he has shown that he would suffer irreparable injury if an injunction is not issued. *Id.*, ¶ 16; *Id.,* p. 6.

Plaintiff alleges that the SCDC Health Service has policies and procedures in place that are designed to protect inmates and employees from the spread of this disease, "but the procedure safeguard don't tell what to do when they drop the ball for three years." *Id.*, ¶ 17; *Id.* Plaintiff asks this Court to "issue an injunction holding that the Defendants, or their agents cannot diagnose Plaintiff with Hepatitis C and do nothing." Plaintiff asserts that Defendants should not be allowed to hinder Plaintiff from seeing an infectious disease expert. *Id.*, p. 7; *Id.*, p. 7.

While Plaintiff alleges that he will suffer irreparable injury unless an injunction is issued, Plaintiff's request, insofar as it seeks the issuance of a motion for a temporary restraining order under Rules 7(b) and 65(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), fails to allege specific facts in an affidavit or a verified complaint which clearly show that immediate and irreparable injury, loss, or damage will result to Plaintiff before Defendants can be heard in opposition to his motion. Plaintiff has not certified in writing any efforts made to give notice to Defendants and any reasons why notice should not be required.

Plaintiff alleges that he has lost 30 pounds since August 2005, when he was diagnosed with Hepatitis C, and (as noted above) that there was no follow-up until June 2008. Plaintiff alleges that he did not receive treatment until July 2008 and, after that, he was denied treatment. However, Plaintiff also admits that he was asymptomatic. Plaintiff appears to allege that his lack of treatment

3

is related to his age, which he appears to claim is not listed correctly in the records of LCI and/or the SCDC.

Based on Plaintiff's allegations, it does not appear that Plaintiff's Hepatitis is an imminent, life-threatening, critical medical condition. Moreover, although Plaintiff titles his request in the alternative, the relief he seeks is actually a preliminary injunction, which must be served on all parties, pursuant to Fed. R. Civ. P. 65(a). A temporary restraining order "expires at the time after entry - - not to exceed 14 days - - that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). It appears that Plaintiff seeks an injunction, both during the pendency of this case and permanently. Accordingly, Plaintiff's request has been construed as a motion for preliminary injunction under Fed. R. Civ. P. 65(a), rather than a motion for temporary restraining order under Fed. R. Civ. P. 65(b). As such, pursuant to Fed. R. Civ. P. 65(a)(1), "[t]he court may issue a preliminary injunction only on notice to the adverse party."

## DISCUSSION

The United States Supreme Court has stated that deliberate indifference exists when prison officials know of a substantial risk to a prisoner's health or safety and consciously disregard that risk. *See Farmer v. Brennan*, 511 U.S. 825, 836 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prisoner who alleges deliberate indifference must meet "a very high standard - a showing of mere negligence will not meet it." *Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004) (citing *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999)). In the context of prisoner medical care, the United States Constitution requires only that prisoners receive adequate medical care; a prisoner is not guaranteed his choice of treatment. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988); *see*

*Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975) (questions of medical judgment not subject to judicial review). Therefore, to prevail on an Eighth Amendment claim, the prisoner must demonstrate (1) his medical condition was a sufficiently serious one and (2) subjectively, the prison officials acted with a sufficiently culpable state of mind. *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998).

A showing that prison officials were merely negligent, or that the treatment constituted medical malpractice, will not establish deliberate indifference. *See Estelle*, 429 U.S. at 106; *Grayson*, 195 F.3d at 695. Moreover, incorrect medical treatment, such as an incorrect diagnosis, is not actionable under § 1983, *Estelle*, 429 U.S. at 106, and disagreements over medical care fail to rise to the level of a constitutional violation, *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). Further, while the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994). The Fourth Circuit has also held that non-medical prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. *Miltier v. Beorn*, 896 F.2d 848, 854–55 (4th Cir. 1990).

However, a claim based upon the doctrine of respondeat superior does not give rise to a §1983 claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978). "Because vicarious liability is inapplicable to [ ] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). As the *Iqbal* Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer." *Id.* at 677. Even if the majority in *Iqbal* did not entirely dispense with the concept of liability of a

5

supervisor in a § 1983 case, the instant Complaint and Motion for Preliminary Injunction fails entirely to plead facts sufficient to state a plausible claim under such a theory, based on Fourth Circuit precedent, against Defendant Nikki Haley in her official capacity as Governor of the State of South Carolina. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). A plaintiff must establish three elements to prevail under § 1983 on a theory of supervisory liability: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices[]"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Id.* (citations omitted).

Further, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* It requires the plaintiff to articulate facts that, when accepted as true, show that the plaintiff has stated a claim entitling him to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

Here, it appears Plaintiff's Complaint and Motion for Preliminary Injunction allege sufficient factual issues with respect to the conduct of Defendants Byars, McCabe, and Jones to require that the Complaint and Motion for Preliminary Injunction be served upon them and that they answer or otherwise respond to Plaintiff's allegations. However, Plaintiff's Complaint and Motion for

Preliminary Injunction are legally insufficient in attempting to state a cognizable § 1983 claim against Defendant Haley in her capacity as Governor of South Carolina. First, Governor Haley may fairly be described as a "supervisory defendant" because of her role as the head of state for the State of South Carolina. Under the South Carolina Constitution, the Governor is also the head of government, serving as the chief executive of the South Carolina executive branch. However, as noted above, Plaintiff cannot assert liability in this case as to Governor Haley based only on the theory of respondeat superior. Second, to the extent Plaintiff attempts to allege Governor Haley's personal involvement in the alleged wrongs, Plaintiff fails to make any allegations whatsoever to state a cognizable claim that Governor Haley either personally acted to violate Plaintiff's constitutional rights, or that she deliberately failed to act despite having knowledge that Plaintiff's constitutional rights were being violated by subordinates within SCDC. There are no allegations in Plaintiff's Complaint and Motion for Preliminary Injunction that Governor Haley had any actual or constructive knowledge of, or took any personal action with respect to, Plaintiff's medical needs. Accordingly, because Plaintiff's Complaint makes no specific factual allegations that Defendant Governor Haley personally caused Plaintiff serious harm, or had actual or constructive knowledge that her subordinates were engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to Plaintiff, the Complaint and Motion for Preliminary Injunction should be dismissed as to Defendant Governor Haley.

**RECOMMENDATION**

It is recommended that the Complaint and Motion for Preliminary Injunction be partially summarily dismissed as to Defendant Haley, without prejudice and without issuance and service of

process. Plaintiff's attention is directed to the important notice on the next page.

August 27, 2012  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **901 Richland Street**
> **Columbia, South Carolina 29201**

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).