IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SAMUEL A. WILDER, # 258295, ) | Civil Action No. 3:12-1743-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| WILLIAM BYARS, IN HIS OFFICIAL ) | |
| CAPACITY AS COMMISSIONER OF SOUTH ) | |
| CAROLINA DEPARTMENT OF ) | **REPORT AND RECOMMENDATION** |
| CORRECTIONS, SCDC; ) | |
| WAYNE MCCABE, IN HIS OFFICIAL ) | |
| CAPACITY AS WARDEN AT LIEBER ) | |
| CORRECTIONAL INSTITUTION; AND ) | |
| LINDA JONES, IN HER OFFICIAL CAPACITY ) | |
| AS NURSE AT LIEBER CORRECTIONAL ) | |
| INSTITUTION HEALTH SERVICE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The pro se Plaintiff, Samuel A. Wilder, filed this action on June 28, 2010.[1] He appears to allege claims pursuant to 42 U.S.C. § 1983 (§ 1983) concerning his medical care. At the time Plaintiff filed this action, he was an inmate at the Lieber Correctional Institution ("LCI") of the South Carolina Department of Corrections ("SCDC"). He is now housed at the McCormick Correctional Institution of the SCDC. See Doc. 32.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(d) DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the court.

On June 28, 2012, Plaintiff filed a motion for a preliminary injunction.[2] Plaintiff states that he was diagnosed with Hepatitis C in 2005. He appears to request that the court issue an injunction requiring Defendants to provide him with certain care for his disease. In particular, he requests that he be seen by an infectious disease expert. Defendants have not specifically responded to Plaintiff's motion, but have filed a motion for summary judgment in which they argue that Plaintiff's claims are barred by the applicable statute of limitations; Defendants Byars and McCabe are not identified in the body of the complaint and cannot be held liable on a theory of supervisory liability; Plaintiff's claims of negligence do not state a violation of his constitutional rights; Plaintiff fails to provide the necessary expert testimony; Plaintiff received appropriate and attentive medical care such that he cannot meet the deliberate indifference burden of proof necessary under § 1983; the Eleventh Amendment bars suits against Defendants in their official capacities; and Defendants are entitled to qualified immunity.

As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

Plaintiff fails to show that he is entitled to relief under the factors set out in Winter. He has presented nothing to show that he is likely to be successful on his underlying claims. To the extent

---

[2]As noted in the undersigned's August 27, 2012 Report and Recommendation, Plaintiff's motion (which is titled a motion for a preliminary injunction and/or restraining order) has been construed as a motion for preliminary injunction under Fed. R. Civ. P. 65(a), rather than a motion for temporary restraining order under Fed. R. Civ. P. 65(b). See Doc. 9.

that Plaintiff is alleging a claim for medical malpractice, such a claim is not cognizable under § 1983. See Estelle v. Gamble, 429 U.S. 97, 106 (1976)("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); Miltier v. Beorn, 896 F.2d 848, 853 (4th Cir. 1990)(noting that mere negligence or malpractice does not violate the Eighth Amendment).[3]

Additionally, Plaintiff's request for injunctive relief appears to be based on a disagreement as to his medical treatment. Plaintiff believes he should be referred to an infectious disease specialist. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). The provision of medical care by prison officials is not discretionary, but the type and amount of medical care is discretionary. See Brown v. Thompson, 868 F. Supp. 326 (S.D.Ga. 1994). A disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. See Smart v. Villar, 547 F.2d 112, 114 (10th Cir. 1976); Lamb v. Maschner, 633 F. Supp. 351, 353 (D.Kan. 1986).

Plaintiff has not made any allegations in his motion for a preliminary injunction (or complaint) concerning Defendants Byars or McCabe. Additionally, to the extent Plaintiff requests injunctive relief from Defendants at LCI, his claims appear to be moot as he has been transferred to another institution. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

---

[3]To the extent that Plaintiff seeks to raise state law claims of medical negligence or malpractice, South Carolina law requires a plaintiff to file an affidavit of an expert witness with his complaint when asserting a claim of professional negligence against a professional, licensed or registered with the State of South Carolina. S.C.Code Ann. § 15–36-100(B); Martasin v. Hilton Head Health Sys. L.P., 613 S.E.2d 795, 799 (S.C.Ct.App.2005); Jernigan v. King, 440 S.E.2d 379, 381 (S.C.Ct.App.1993). Plaintiff did not file an expert affidavit with his motion or complaint.

Although Plaintiff speculates he might suffer injury (including liver cancer or death) if he does not receive his requested treatment (including being treated by an infectious disease specialist), he fails to show that he will suffer irreparable injury if he is not granted a preliminary injunction. Plaintiff asserts he has lost thirty pounds since August 25, 2005 (a period of approximately seven years), which he claims is a sign of degeneration caused by Hepatitis C. He has, however, presented nothing to show that the weight loss was caused by Hepatitis C. Further, Plaintiff has not alleged any harmful effects of such weight loss.[4] Plaintiff also admits that his Hepatitis C is asymptomatic. Doc. 1 at 4 (Para. 10). Additionally, Defendant Jones submitted an affidavit (attached to Defendants' motion for summary judgment) in which she states that from December 2010 (when she first encountered Plaintiff) to present, he has not had any signs, symptoms, or evidence of active Hepatis C; a liver ultrasound performed on September 4, 2009 was normal (Jones states she has reviewed Plaintiff's SCDC medical record for the treatment at issue); and all of Plaintiff's labs evaluating him for evidence of active Hepatitis C have been within normal limits. Doc. 28-2 (Jones Aff.).

Plaintiff also has not shown that the balance of equities tips in his favor. Although he argues that the issuance of an injunction would "not be contrary to the public interest," Plaintiff has not shown that an injunction is in the public interest.

---

[4]Medical records filed in one of Plaintiff's previous cases indicates that his weight was 230 on August 25, 2005. See Wilder v. SCDC, Civil Action No. 3:08-2486-MBS (D.S.C.), Doc. 61-1, p. 7. This court may take judicial notice of Plaintiff's prior civil action. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir.1970); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir.1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.' ").

4

**CONCLUSION**

Based on review of the record, it is recommended that Plaintiff's motion for a preliminary injunction (Doc. 1) be **denied**.

Joseph R. McCrorey
United States Magistrate Judge

January 30, 2013
Columbia, South Carolina

The parties' attention is directed to the important information on the attached notice.

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).