IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SAMUEL A. WILDER,   #258295,   )<br>)<br>Plaintiff,   )<br>)<br>vs.   )<br>)<br>WILLIAM BYARS, IN HIS OFFICIAL   )<br>CAPACITY AS COMMISSIONER OF SOUTH   )<br>CAROLINA DEPARTMENT OF   )<br>CORRECTIONS, SCDC;   )<br>WAYNE MCCABE, IN HIS OFFICIAL   )<br>CAPACITY AS WARDEN AT LIEBER   )<br>CORRECTIONAL INSTITUTION;   )<br>LINDA JONES, IN HER OFFICIAL CAPACITY   )<br>AS NURSE AT LIEBER CORRECTIONAL   )<br>INSTITUTION HEALTH SERVICE,   )<br>)<br>)<br>Defendants.   )<br>_____)   | Civil Action No. 3:12-1743-CMC-JRM<br><br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

The pro se Plaintiff, Samuel A. Wilder, filed this action on June 28, 2012.[1] He appears to allege claims pursuant to 42 U.S.C. § 1983 ("§ 1983") concerning his medical care. At the time Plaintiff filed this action, he was an inmate at the Lieber Correctional Institution ("LCI") of the South Carolina Department of Corrections ("SCDC"). He is currently incarcerated at the McCormick Correctional Institution of the SCDC. See Doc. 32. Defendants are SCDC Director Williams Byars ("Byars"), LCI Warden Wayne McCabe ("McCabe"), and LCI registered nurse Linda Jones

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(e) DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

("Jones").[2] On January 10, 2013, Defendants filed a motion for summary judgment. Because Plaintiff is proceeding pro se, he was advised on January 13, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion could result in the dismissal of his complaint. Plaintiff did not respond to the Roseboro order and the undersigned, on March 21, 2013, issued an order allowing Plaintiff an additional fifteen days in which to advise the Court whether he wished to continue to prosecute this action. On March 28, 2013, the undersigned granted Plaintiff an extension until April 15, 2013 to file his response. On April 5, 2013, Plaintiff filed a response in opposition to Defendants' motion for summary judgment and a motion to strike McCabe and Jones from the caption of the Complaint.

## MOTION FOR SUMMARY JUDGMENT STANDARD OF REVIEW

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The facts and

---

[2]Governor Nikki Haley, originally named as a defendant in this action, was dismissed on September 18, 2012. See ECF No. 11.

inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). The moving party "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). If the moving party carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48).

## DISCUSSION

Plaintiff was diagnosed with Hepatitis C in 2005. He alleges that the LCI Health Service provided no follow-up for his disease until June 2, 2008. Plaintiff claims that no treatment was offered by LCI Health Service until July 2, 2008, and that treatment was later denied. On an unspecified date, Defendant Jones allegedly promised to treat Plaintiff's Hepatitis C. Complaint, ECF No. 5, pp. 1-2. Plaintiff admits he is asymptomatic of his disease. He, however, asserts that he has lost thirty pounds since August 25, 2005, which he attributes to his disease. Id., p. 4. Plaintiff appears to request that the Court issue an injunction requiring Defendants to provide him with certain care for his disease. He requests that he be seen by an infectious disease expert. See id., p. 5.[3]

Plaintiff appears to allege, pursuant to § 1983, that Defendants were deliberately indifferent to his serious medical needs. He may also be attempting to assert a claim for medical malpractice under South Carolina law. Defendants contend that they are entitled to summary judgment because:

---

[3]In a previous action filed by Plaintiff (Wilder v. SCDC, Civil Action No. 3:08-2486-MBS (D.S.C.)), he alleged that SCDC and its former director (John Ozmint) discriminated against him in violation of Title II of the Americans with Disabilities Act and the Rehabilitation Act of 1973, and he was denied treatment for Hepatitis C in violation of the Eighth and Fourteenth Amendments.

(1) Plaintiff's claims are barred by the applicable statute of limitations; (2) Plaintiff failed to state a claim against Defendants Byars and McCabe; (3) Plaintiff fails to state a cause of action against Defendants under § 1983; (4) Plaintiff failed to produce any expert testimony and/or expert witnesses to testify as to elements of medical malpractice; (5) Defendants did not act with deliberate indifference towards Plaintiff; (6) Plaintiff's claims against Defendants in their official capacities are barred by the Eleventh Amendment; (7) Plaintiff's claims against Defendants in their individual capacities are barred by the doctrine of qualified immunity; and (8) the Complaint lacks an arguable basis in law and should be dismissed as frivolous under 28 U.S.C. § 1915(e). In his opposition memorandum, Plaintiff appears to assert claims (including that he was exposed to Hepatitis C because he was put in a cell with another inmate who had the disease) against individuals who were not named as defendants in the Complaint. He also appears to argue that the defenses asserted by Defendants are not applicable because he has not alleged a § 1983 claim. He, however, fails to provide another basis for his claims. Although Plaintiff appears to assert that this is merely an action under Federal Rule 65, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3.

    1.    <u>Statute of Limitations</u>

Defendants contend that Plaintiff's claims are barred by the applicable statute of limitations because he filed this action seven years after his diagnosis with Hepatitis C and four years after he alleges treatment was first offered. State law concerning limitation of actions applies in claims brought under § 1983. See <u>Wilson v. Garcia</u>, 471 U.S. 261, 266 (1985), superseded by statute on other grounds as stated in <u>Jones v. R.R. Donnelley & Sons Co.</u>, 541 U.S. 369 (2004); <u>see also</u> <u>Burnett v. Grattan</u>, 468 U.S. 42 (1984); <u>Owens v. Okure</u>, 488 U.S. 235 (1989). In South Carolina,

the statute of limitations for personal injury torts is generally three years. See S.C. Code Ann. § 15-3-530. Additionally, under S.C. Code Ann. § 15-3-545, an action,

> to recover damages for injury to the person arising out of any medical, surgical, or dental treatment, omission, or operation by any licensed health care provider...acting within the scope of his profession must be commenced within three years from the date of the treatment, omission, or operation giving rise to the cause of action or three years from date of discovery or when it reasonably ought to have been discovered, not to exceed six years from date of occurrence, or as tolled by this section.

S.C. Code Ann. § 15-3-545(A). The South Carolina Tort Claims Act provides a two-year statute of limitations for personal-injury torts alleged against employees of state agencies, such as SCDC. See S.C. Code Ann. § 15-78-110.

Here, Plaintiff appears to allege that Defendants failed to provide him with treatment for Hepatitis C from the time he was diagnosed in 2005 until sometime in 2008. Whether the statute of limitations is two or three years, Plaintiff failed to timely file this action as to any claims concerning treatment or lack thereof from 2005 to 2008, as he did not file this action until June 2012.

    2.    <u>Defendants Byars and McCabe</u>

Defendants Byars and McCabe contend that they should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for Plaintiff's failure to state a claim against them. They also contend that they are entitled to summary judgment to the extent Plaintiff alleges claims against them in their supervisory capacities.

Although Defendants Byars and McCabe are identified in the caption of the Complaint, they have not been identified by name in the body of the Complaint. Plaintiff has not made any personal allegations of wrongdoing, directly or indirectly, against these Defendants.

Further, Plaintiff has not shown that these Defendants are liable on a basis of supervisory liability or respondeat superior. The doctrine of respondeat superior generally is inapplicable to

§ 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Fisher v. Washington Metro Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985).

Plaintiff has not alleged that Defendant Byars or Defendant McCabe was personally responsible for any of the alleged incidents or acted in any way other than a supervisory role. Further, Plaintiff has not shown that these Defendants were deliberately indifferent to, or tacitly authorized, any of the actions or inactions of SCDC employees. Thus, Plaintiff fails to show that Defendants Byars and/or McCabe are liable on a theory of respondeat superior or supervisory liability.

3.  Medical Claims

Plaintiff appears to allege that Defendants were deliberately indifferent to his serious medical needs. He claims that SCDC failed to provide him with adequate treatment for Hepatitis C and failed to refer him to an infectious disease specialist. Defendants contend that Plaintiff fails to show that they were deliberately indifferent to his medical needs. They also argue that to the extent he disagrees with the medical care provided, he fails to show that his constitutional rights were violated.

In the case of Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," Id., quoting Gregg v. Georgia, 428 U.S. 153, 169-73 (1976). The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.
>
> * * * * * * *
>
> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," Gregg v. Georgia, supra, at 182-83, 96 S.Ct. at 2925 (joint opinion), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle, 429 U.S. at 103-105. (Footnotes omitted).

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 106.

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to

fundamental fairness (citations omitted). . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851.

The Supreme Court defined "deliberate indifference" in the Eighth Amendment context in Farmer v. Brennan, 511 U.S. 825 (1994). The court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concern when it imposes tort liability on a purely objective basis. [Citations omitted]. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-838.

Unless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. Estelle, 429 U.S. at 106; Farmer v. Brennan, 511 U.S. at 837-838; Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Plaintiff fails to show that Defendants were deliberately indifferent to any of his serious medical needs. As discussed above, Plaintiff failed to make any allegations against Defendants Byars or McCabe in the body of his Complaint. Plaintiff admits that Jones has only known him since December 2010. See Plaintiff's Opposition Memorandum, ECF No. 51 at 2. Defendant Jones submitted an affidavit (attached to Defendants' motion for summary judgment) in which she states

that from December 2010 (when she first encountered Plaintiff) to present, he has not had any signs, symptoms, or evidence of active Hepatitis C; a liver ultrasound performed on September 4, 2009 was normal (Jones states she reviewed Plaintiff's SCDC medical record for the treatment at issue); and all of Plaintiff's labs evaluating him for evidence of active Hepatitis C were within normal limits. Jones Aff., ECF No. 28-2. Plaintiff submitted copies of a portion of his SCDC medical records which indicate that his liver function tests remained within normal limits on June 30, 2008; he was given literature about Hepatitis; and self care, diet, and activity were discussed with him.

Plaintiff asserts he has lost thirty pounds since August 25, 2005 (a period of approximately seven years), which he claims is a sign of degeneration caused by Hepatitis C. He has, however, presented nothing to show that the weight loss was caused by Hepatitis C. Further, Plaintiff has not alleged any harmful effects of such weight loss.[4] Plaintiff also admits that his Hepatitis C is asymptomatic. ECF Nos. 1 and 5, ¶ 10.

Plaintiff appears to disagree with the type and amount of medical treatment he received. In particular, Plaintiff believes that he should be referred to an infectious disease specialist. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). The provision of medical care by prison officials is not discretionary, but the type and amount of medical care is discretionary. See Brown v. Thompson, 868 F. Supp. 326

---

[4]Medical records filed in one of Plaintiff's previous cases indicates that his weight was 230 on August 25, 2005. See Wilder v. SCDC, Civil Action No. 3:08-2486-MBS (D.S.C.), Doc. 61-1, p. 7. This court may take judicial notice of Plaintiff's prior civil action. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir.1970); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir.1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

9

(S.D.Ga. 1994). A disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. See Smart v. Villar, 547 F.2d 112 (10th Cir. 1976); Lamb v. Maschner, 633 F. Supp. 351, 353 (D.Kan. 1986). Although Plaintiff believes that he should have received different treatment, he fails to show that Defendants' actions or inactions rose to the level of a constitutional violation.

Additionally, to the extent that Plaintiff is requesting injunctive relief against Defendants McCabe or Jones, his claims are moot, as he was transferred from LCI to MCI. As Plaintiff has been released from detention at LCI, his claims for injunctive relief against Defendants McCabe and Jones (who both work at LCI) are moot. See Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) ("[A] a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.")(citing Incumaa v. Ozmint, 507 F.3d 281, 286–87 (4th Cir. 2007)); Taylor v. Rogers, 781 F.2d 1047, 1048 n. 1 (4th Cir.1986); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991)(Plaintiff's transfer mooted his § 1983 claims for declaratory and injunctive relief).

Defendants also contend that Plaintiff cannot bring a medical negligence or medical malpractice claim because he failed to identify an expert on the standard of care, its breach by Defendants, or that the breaches of the standard of care proximately caused his alleged injuries. To the extent that Plaintiff asserts a claim for malpractice under § 1983, such a claim fails. See Estelle v. Gamble, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); Miltier v. Beorn, 896 F.2d at 853 (noting that mere negligence or malpractice does not violate the Eighth Amendment). Plaintiff has not provided any further basis

for such a federal claim.[5] To the extent that Plaintiff seeks to raise state law claims of medical negligence or malpractice, he failed to file the necessary expert affidavit. South Carolina law requires a plaintiff to file an affidavit of an expert witness with his complaint when asserting a claim of professional negligence against a professional, licensed or registered with the State of South Carolina. S.C.Code Ann. § 15–36-100(B); Martasin v. Hilton Head Health Sys. L.P., 613 S.E.2d 795, 799 (S.C.Ct.App.2005); Jernigan v. King, 440 S.E.2d 379, 381 (S.C.Ct.App.1993).

4. Immunity

Defendants contend that they are entitled to Eleventh Amendment immunity. When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. In the case of Will v. Michigan Department of State Police, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated,

---

[5]Defendants, citing Smith v. United States, 119 F.Supp.2d 561, 572-574 (D.S.C. 2000), argue that the burden of proof in a medical malpractice case under South Carolina law applies in a federal medical malpractice claim. Smith involved a claim under the Federal Tort Claims Act ("FTCA"). See id. at 571. Plaintiff has not alleged such a claim. Further, the FTCA provides a limited waiver of sovereign immunity whereby the United States government submits itself to be sued in limited situations for negligent acts by its employees, in which private individuals under similar circumstances would be liable under state law. 28 U.S.C. § 1346(b) and §§ 2671 et seq. A suit under the FTCA lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. See Myers and Myers, Inc. v. United States Postal Service, 527 F.2d 1252, 1256 (2d Cir. 1975). Here, Plaintiff has not alleged claims against the United States, but instead against state employees.

11

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

Id. at 66.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments, and officials are entitled to the Eleventh Amendment immunity. Id. at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. State officials may only be sued in their individual capacities. Therefore, Defendants are entitled to Eleventh Amendment immunity from monetary damages[6] in their official capacities.

Defendants also contend that they are entitled to qualified immunity. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Id. at 818.

The Court of Appeals for the Fourth Circuit, discussing qualified immunity, stated:

---

[6]Plaintiff, however, does not appear to have requested monetary damages.

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendants violated any of his clearly established constitutional or statutory rights. Therefore, Defendants are entitled to qualified immunity in their individual capacities.

## MOTIONS TO STRIKE

On December 27, 2012, Plaintiff filed a motion "for an order denying amend[ed] answer." He requests that Defendants' amended answer be stricken from the record and Defendants be sanctioned because they filed an amended answer on November 9, 2012 without leave of the Court.

After requesting and receiving an extension of time (see ECF No. 18), Defendants timely filed and served their answer on November 7, 2012 (see ECF No. 21). On November 9, 2012, Defendants filed an amended answer, adding one additional defense. See ECF No.25. The Federal Rules of Civil Procedure provide that a party may amend its pleading once as a matter of course within twenty-one days of serving it. Fed. R. Civ. P. 15(a)(1). Here, Defendants filed their amended answer two days after serving their answer. Defendants timely filed their amended answer. Thus, it is recommended that Plaintiff's motion to strike Defendants' amended answer be denied.

On April 5, 2013, Plaintiff filed a motion to strike Defendants McCabe and Jones from the caption of the Complaint pursuant to Federal Rule 12(f).  He appears to concede that Defendants Byers and McCabe are not identified in the body of the Complaint, and that Defendant Jones has only known him since December 2010.  Plaintiff's motion is unclear, but he appears to be attempting to strike certain affidavits submitted by Defendants in support of their motion for summary judgment.

Rule 12(f) provides:

> **Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).  Motions to strike "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic."  Waste Mgmt. Holdings v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal citations and quotations omitted).   Plaintiff fails to show that these Defendants may be stricken pursuant to Rule 12(f).  To the extent he is attempting to strike affidavits, it is recommended that his motion be denied because he has not shown that the affidavits contain an insufficient defense or any redundant, immaterial, impertinent, or scandalous material.

## CONCLUSION

Based on the foregoing, it is recommended that Plaintiff's motion to strike Defendants' amended answer (ECF No. 26) be **denied**, Plaintiff's motion to strike Defendants McCabe and Jones from the caption of the Complaint (ECF No. 51) be **denied**, and Defendants' motion for summary

judgment (ECF No. 28) be **granted**.

                                                            Joseph R. McCrorey
                                                            United States Magistrate Judge

May 31, 2013
Columbia, South Carolina

    **The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).